## E. W. BURR v. HUNT.

WHERE an assessment and sale for taxes would be void, and the matters making them void do not appear on the face of the Tax Collector's deed, but must be shown by extrinsic proof, and the deed upon its face would be *prima facie* valid, injunction lies to restrain the sale.

Assuming that the Revenue Act of May 15th, 1854, was repealed by the Revenue Act of April 29th, 1857, then injunction does not lie to restrain a sale in 1860, for taxes assessed under the Act of 1854, for the year 1857, because the title of the property to be sold would not be clouded by proceedings under a repealed law of which every citizen is presumed to have knowledge.

The Tax Collector's deed, under the Act of 1854, would show the fact that taxes were assessed, and the time and amount of the assessment. And if it appeared that property was sold in 1860, for taxes assessed under the Act of 1854, and due in 1857, the nullity of the sale would be shown on the face of the deed.

A Tax Collector's deed, to be evidence of title, must be made in pursuance of a law giving it that effect; and where lands were sold for taxes assessed under the Act of 1854, and the deed was not made until after the passage of the Act of 1857, repealing the Act of 1854—assuming that it does so repeal—the deed is not evidence of title.

The Revenue Act of 1857 does not authorize sales for taxes assessed prior to its passage, but only for the fiscal year or years following its passage.

As to the operation of the Act of 1859, 123, in validating the assessment roll of 1857, in this case, see opinion.

APPEAL from the Twelfth District.

Bill to enjoin defendant, as Tax Collector, from selling plaintiff's property for taxes. The bill alleges, in substance, that defendant pretends to be Tax Collector of the city and county of San Francisco, but that in fact one Patch is the legal Tax Collector—though defendant is acting as such by virtue of a certificate or commission which gives him color of right to exercise the office ; that defendant has advertised, and is about to sell the property for taxes due and owing on the property for the fiscal year ending June 30th, 1857 ; that said defendant is proceeding as aforesaid under the pretense that by virtue of the Act of May 15th, 1854, there was an assessment and levy of said taxes, in conformity with said act, for the fiscal year 1857 ; that there was no lawful assessment roll or tax list made for said fiscal year ; that the party who acted as Assessor had no authority, and, besides, did not comply with the law, and that under the law, these taxes should have been assessed and levied by the Board of Supervisors, and that there was then no lawful board in existence ; " that said pretended assessment was made under and by virtue of the Act of May 15th, 1854, before referred to, which said act provided the manner of the assessment and sales for the collection, and remedies for the enforcement thereof against all delinquents; that afterwards, to wit : on the twenty-ninth of April, 1857, another Act of the Legislature, entitled 'An Act to provide Revenue for the Support of the Government of this State,' was duly passed and approved, by which all portions of said act, passed May 15th, 1854, and above referred to, authorizing any assessment for taxes on real and personal property, and authorizing the collection of the same, and providing remedies against delinquents, was repealed," and that rights, duties and powers of any officer to assess property, levy or collect taxes under said Act of 1854, ceased, and were forever thereafter revoked and annulled ; that if defendant is permitted to go on and sell, etc., a cloud upon the title of plaintiff will be created ; and that the proceedings of defendant " are illegal, unjust and oppressive." Defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. Demurrer overruled ; and final judgment for plaintiff, granting a perpetual injunction against the sale. Defendant appeals.

*J. B. Felton,* for Appellant.

1. When no evidence would be required to show the illegality of a tax deed, no injunction lies to restrain a tax sale. (*Minturn* v. *Hays,* 2 Cal. 593 ; *Palmer* v. *Boling,* 8 Id. 388 ; *Patten* v. *Green,* 13 Id. 328.)

2. The Law of 1854, under which the bill avers defendant is acting, was repealed by the Act of 1857. Hence defendant has no authority to act, and a deed by him would not be evidence of title, because there is no law making it evidence ; and no injunction is required to protect plaintiff. No cloud of title can be created by a sale and deed under a repealed law.

3. As to the position that the Act of 1859, 123, ratifies the assessment roll or tax list of San Francisco for the year 1856–7, and that the Court will take judicial notice of this act, it is answered : 1. If the Act of 1859 be constitutional, then the defects in the assessment roll of 1856–7 are cured, and plaintiff cannot complain ; and, if it be unconstitutional, it cannot give any vitality whatever to a deed. 2. The Court cannot take judicial notice that the Law of 1859 has any application to this case : first, because the bill itself alleges that the Tax Collector is proceeding under the Law of 1854—while the Law of 1859 is an entirely independent law, requiring different proceedings and giving different remedies—the question under which of these laws the Tax Collector is proceeding is a question of fact, and the bill asserts that his justification and authority came from the dead Law of 1854 ; second, because the bill itself denies the existence of any tax list or roll of the city and county of San Francisco for the year 1856–7, and then shows that the Law of 1859 has no application to this case.

*Hoge & Wilson,* for Respondent.

*Heydenfeldt,* also for Respondent.

1. The sale would create a cloud on plaintiff's title. It is no answer to say, that the Act of 1854, under which the assessment was made, has been repealed by the Act of 1857, and therefore no cloud would be created, because : first, it will not appear on the

face of the tax deed by what act the assessment was made, nor that the act was repealed; second, if it be said, every one is bound to know of the repeal, the reply is, that he is equally bound to know the Act of 1859, which pretends to validate the assessment and enforce the collection; third, the Tax Collector's deed is *prima facie* evidence of title, and compels the owner of the land sold to resort to matters *dehors* the deed, by way of rebuttal, to overthrow the tax title. (*Curtis* v. *Sutter,* 15 Cal. 259; *Shattuck* v. *Carson,* 2 Id. 588; *Hickman* v. *O'Neal,* 10 Id. 293; *Pixley* v. *Huggins,* 15 Id. 127.)

2. Even if the Tax Collector's deed would be void on its face, still chancery may interfere by injunction. (*Hamilton* v. *Cummings,* 1 Johns Ch. 517; *Oakley* v. *Trustees of Williamsburg,* 6 Paige, 262; *Carroll* v. *Stafford,* 3 How. 441; *Burnett* v. *Cincinnati,* 3 Ohio, 73; *Bromley* v. *Holland,* 7 Ves. 3; 3 Russ. 432; *Leigh* v. *Everheart,* 4 Mon. 381.)

3. The bill avers, among other things, two facts which are sufficient to enable the Court to determine whether the assessment is not invalid, notwithstanding the Act of 1859. These facts are: first, that the assessment was made under the Act of 1854, and that it has been repealed; second, that the assessment was not made by an officer elected by the people, as required by the thirteenth section of Art. II of the Constitution. It was not necessary that the bill should aver that the assessment was invalid notwithstanding the Act of 1859, because this would be to plead the effect of a public law. (Stephens. on Pl. 340.)

The bill does not allege that the defendant is proceeding to sell under the Act of 1854, or under any particular law. It alleges that he is proceeding under the pretense that there were a valid assessment and levy by virtue of the Act of 1854, but nothing is said as to what act he claims to give him authority to collect and sell for said taxes in 1859. The two things are entirely distinct. The assessment may well be by the Act of 1854, the power and mode of collecting may be fixed by some other act. (*People* v. *Seymour,* 16 Cal. 332.)

4. If the Act of 1859 be unconstitutional, it may, nevertheless, create a cloud of title. It is a valid act on its face, and its uncon-

stitutionality arises from its application to certain extrinsic facts, which are stated in the bill, and must be proved by evidence *aliunde ;* as, for instance, that the assessment was not made by a constitutionally elected Assessor ; and so of other facts stated in the bill, except the single one, that the Act of 1854 was repealed. Cloud of title is not total loss of title, but only an apparent defect which can be removed ; and the citizen is entitled to the judgment of the Court upon the effect of this Act of 1859.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

Plaintiff brought his bill against defendant, Tax Collector, to enjoin the collection of taxes in the city of San Francisco, claimed to be due from the plaintiff for the year 1857. The bill avers that the assessment under which plaintiff's property was advertised was made under, and by virtue of, an act of the Legislature, passed May 15, 1854, which act provided the manner of the assessment, and rules for the collection, and remedies for the enforcement thereof against all delinquents, and that this act was repealed by the act of April 29th, 1857.

The only question made and argued is, whether the deed, if executed by the Tax Collector, would create a cloud upon the title.

If the assessment and the sale would be void, and if the matters which make them so do not appear on the face of the deed, but must be shown by extrinsic proof, and if the deed upon its face be *prima facie* valid, according to the cases in this and other Courts, the equitable remedy here sought would be proper.

If this law of 1854 be repealed in all its parts, as stated in the bill, and the Tax Collector is proceeding under that repealed act, it is difficult to see how any man's title could be clouded by force of any proceedings under it. The presumption of knowledge of a law passed, or a law repealing a former act, attaches to every citizen. It is said, in answer, that it will not appear on the face of the deed of the Tax Collector by what act the assessment was made. We must suppose the Tax Collector will make the deed in the usual and regular form, and that the deed will recite the facts. Among these would be the fact that taxes were assessed, and the

time and amount of this assessment.    It would seem almost impossible to make out a certificate or deed under the Act of 1854 which would not show that the sale was not justified.    The Tax Collector in making his certificate should state the facts as they really existed, and we cannot interpose by way of injunction upon a mere conjecture that he will make his papers so as not to conform to the facts.    If the sale were made in 1860, for taxes assessed by the Act of 1854, and due in 1857 ; and the proceedings so taken were not authorized by the Act of 1854, but that act was repealed, the act of the Collector would be simply null.    The deed showing the assessment would show that it was made prior to April, 1857, and the last act repeals the previous act of 1854 giving any effect whatever to such assessment.    The tax deed, to be evidence, must be made in pursuance of a law giving it that effect; but no law gives that effect to a tax deed for lands sold under the Act of 1854, the deed being made after that act was repealed.    The Act of 1857 does not authorize sales for taxes assessed prior to its passage, but only for the fiscal year or years following the passage of it.    And these taxes would show upon the face of the assessment and deed that they were not assessed for that year, but for the previous year, that is, for the fiscal year ending June 30th, 1857.

It is further said that the Act of 1859 (St. 1859, 123) ratified the assessment roll of 1857, and that the Court will take notice of this ; and that, therefore, this tax deed and the act taken together, would create this cloud upon the title.    The bill charges that the defendant is proceeding under the Act of 1854, and no facts in connection with the Act of 1859 are stated which enable us to pass upon the question whether or not the assessment of 1854, or the pretended assessment, is or is not invalid within the true meaning or effect of the Act of 1859.

We have in several cases laid down the principles which govern the liability of taxpayers and the effect of tax laws, by reference to which the validity of the Act of 1859 possibly might be determined.    But we cannot, in the absence of some allegation that no assessment list was made within the true meaning and operation of the Act of 1859, decide upon the question here.    If the Act of 1859 be unconstitutional, it creates no cloud upon the title ; if it

be not, and the act embraces and validates this alleged assessment of 1857, then there is no pretense for an injunction.

We think that the injunction should be dissolved, the judgment reversed, and cause remanded.

Ordered accordingly.