## GARRISON et al. v. TILLINGHAST.    No. 1.

OWNERS or agents of steamers running between San Francisco and New York who purchased stamps from the defendant, as Treasurer of the city and county of San Francisco, to be placed on the passage tickets issued, cannot recover back the money paid for such stamps on the ground that the Act of 1857 as amended by the Act of 1858 stood on the statute book, and declared that such tickets should not be admitted in evidence in any Court or be available in law or equity unless stamped as required, and hence that the tickets could not be sold to passengers without the stamps. The influence exerted by these provisions of the statute does not constitute that kind of compulsion or coercion which the law recognizes as sufficient to render the payment in a legal sense involuntary. There was no compulsion or coercion on the part of the defendant. The stamps are by the law deposited with him to be sold to applicants.

The compulsion or coercion which is sufficient in law to render a payment involuntary, must come from the party to whom or by whose direction the payment is made, and arise from the exercise or threatened exercise of some power,

Garrison v. Tillinghast.

possessed, or supposed to be possessed by him, over the person or property of the party making the payment.

Whether these provisions of the statute be constitutional or not, does not affect the question of plaintiffs' right to recover back his money. If they are constitutional, then there is no basis for the action; if they are unconstitutional, and the plaintiffs were ignorant of this at the time, the case becomes only one where a recovery is sought, because a payment is made under a mistake of law, a ground which cannot avail; but if the plaintiffs knew the act to be unconstitutional, as they protested it was, then the case is only an attempt to recover an illegal demand, voluntarily paid, knowing it to be illegal at the time, and is not entitled to any consideration.

APPEAL from the Twelfth District.

Suit to recover back money paid by plaintiffs as agents of ocean steamers plying between San Francisco and Panama and other foreign ports. The complaint avers in substance that plaintiffs were in March, 1858, and ever since have been such agents; that said steamers were engaged chiefly in the transportation of passengers for hire between said ports, and that in the regular course of business it was necessary for plaintiffs to sell passenger tickets; that by "an act to provide revenue for the support of the government of this State from a tax to be levied and collected from foreign and inland bills of exchange and other matters," approved April 29th, 1857, it was in substance provided in the first section thereof that a certain duty should be and was thereby imposed upon "any receipt for the payment of money for, or any contract, certificate or memorandum relative to the purchase of passage from this State to any place out of the limits of, or from any place out of this State, to another place out of the limits thereof, upon any vessel or steamship, if for a first class passage, six dollars; and if for a second class passage, four dollars; and for a steerage passage, two dollars;" that it was further provided by said act that certain Commissioners should procure the proper stamps and deliver them to the Controller of State, who was to deposit them with the several County Treasurers, by them to be sold to whoever might apply for the purchase thereof. The other allegations of the complaint sufficiently appear in the opinion of the Court, excepting an allegation that whenever plaintiffs purchased stamps of defendant, they protested against his right or authority to exact payment for the same on the ground that

the Act of 1857 was unconstitutional and void; and also notified him that such payments were made on compulsion and exacted in violation of law, and that the plaintiffs reserved the right to recover the same back.

Defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. Demurrer sustained, and final judgment for defendant. Plaintiffs appeal.

*Crockett & Crittenden*, for Appellants, upon the point that the payments in this case were not voluntary and may be recovered back, relied on the authorities cited by them in the case of *Brumagim* v. *Tillinghast*, (*ante*).

*C. Temple Emmet*, for Respondent, relied on the authorities cited by him in the same case. .

FIELD, C. J. delivered the opinion of the Court—BALDWIN, J. and COPE, J. concurring.

The plaintiffs base their claim to a recovery in this action on two grounds: 1st, that the Act of April, 1858, so far as it imposes a stamp tax upon tickets of passage on any vessel or steamship from this State to any place out of the State, is repugnant to the Constitution of the United States; 2d, that the payments to the defendant in the purchase of stamps for tickets issued by them, were made under compulsion or coercion.

It is unnecessary, for the determination of the present appeal, to pass upon the first ground—the constitutionality of the Act in the particular mentioned. The conclusions to which we have arrived upon the second ground, dispose of the case without reference to the character of the act. We do not find in the complaint any allegations which show that the purchase of the stamps by the plantiffs, and the payments to the defendant were the result of any compulsion or coercion on his part. Nor, indeed, could there be any such allegations consistent with the provisions of the act to which the complaint refers. The act provides that stamps shall be deposited with him to be disposed of to applicants at a fixed price, but it does not invest him with any power to compel parties to take them and use them. If the price fixed by the act is paid to him,

he delivers the stamps as they are applied for, but if not paid, he retains them in his possession. So far as he is concerned, parties are at liberty to purchase, or to refrain from purchasing. The compulsion or coercion, therefore, which controlled the conduct of the plaintiffs in the present case, did not arise from any action of the defendant, but arose, according to the complaint, from the fact that the act stood on the statute book with provisions declaring that instruments issued after the first of July, 1857, charged with the payment of the stamp tax, should not be admitted in evidence in any Court, or be available in law or equity, unless stamped or marked as prescribed therein. By reason of these provisions, says the complaint, the plaintiffs were unable to sell passage tickets for the steamers, unless they were stamped, and in order to carry on their business they were thus forced to purchase, and did purchase the stamps of the defendant. The influence exerted by those provisions does not constitute that kind of compulsion or coercion, which the law recognizes as sufficient to render a payment in a legal sense involuntary. The compulsion or coercion must come from the party to whom or by whose direction the payment is made, and arise from the exercise or threatened exercise of some power possessed, or supposed to be possessed by him, over the person or property of the party making the payment. (See *Brumagim* v. *Tillinghast*, decided at the present term, and the cases there cited.) If the provisions referred to are constitutional, then there is no basis for the action; if they are unconstitutional, and the plaintiffs were ignorant of this at the time, the case becomes only one where a recovery is sought because a payment is made under a mistake of law, a ground which cannot avail; but if the plaintiffs knew the act to be unconstitutional, as they protested it was, then the case is only an attempt to recover an illegal demand, voluntarily paid, knowing it to be illegal at the time, and is not, of course, entitled to any consideration.

The tax imposed by the law evidently falls upon the passenger, and not upon parties who issue the tickets, whether they are the masters, agents or owners. If the latter purchase the stamps, they either collect the amount paid from the passengers, or add it to the price of their tickets. Such is the ordinary course of business in transactions of this kind. The case does not, therefore,

come before the Court with any equitable considerations in its favor. If the plaintiffs were allowed to recover, they would, no doubt, obtain what has been either directly, or indirectly in the enhanced price of the tickets issued to them, already paid by the passengers.

Judgment affirmed.

COPE, J.—I concur, with the the the same qualification expressed by me in the case of *Brumagim* v. *Tillinghast.*