[No. 14264.  In Bank. — April 11, 1892.]

WILLIAM   TREGEA,  APPELLANT,  v.   THOMAS  O.
    OWENS, COLLECTOR, ETC., RESPONDENT.

94  317
103  613

94  317
113  245

94  317
115  413

IRRIGATION DISTRICTS — ASSESSMENT UNDER WRIGHT ACT — POWER OF
    TAXATION — CONSTITUTIONAL LAW — DEDUCTION OF MORTGAGE. — An
    assessment levied under the provisions of the Wright Act upon the
    property within an irrigation district organized thereunder, although
    referable to the power of taxation, is distinct from a tax, and is not sub-
    ject to the constitutional provisions respecting taxation, but may be
    levied upon all real property within the district, without deducting
    from the value of such property any mortgages existing thereon.
ID. — ASSESSMENT FOR CURRENT EXPENSES — LIMITATION UPON POWER OF
    DIRECTORS — POWER OF SUPERVISORS — ELECTION. — Section 37 of the
    Wright Act confers upon the board of directors of an irrigation district
    the same powers and functions for the purposes of a levy to defray the
    expenses of organization, and of the care, operation, management, re-
    pair, and improvement of the canal and works, including salaries of offi-
    cers and employees, as are possessed by boards of supervisors; and since
    the power of the boards of supervisors is limited by the County Govern-
    ment Act in the taxation of any district until the proposition to levy the
    same has been submitted to and approved by the qualified electors of the
    district, the power of the board of directors of the irrigation district is
    likewise limited.
ID. — CONSTRUCTION OF WRIGHT ACT — ADVISABILITY OF ASSESSMENT. —
    The provision of section 41 of the Wright Act, that the directors of an ir-
    rigation district organized thereunder may call an election for the purpose
    of submitting the question of a special assessment " when, in their judg-
    ment, it may be advisable," does not mean that they may levy an assess-
    ment according to their will, and submit the question of such levy only
    when, in their judgment, it may be advisable, but means that when, in
    their judgment, it may be advisable to levy an assessment, they shall
    call an election for the purpose of submitting to the electors the question
    whether or not the assessment shall be levied.
ID. — " SPECIAL ASSESSMENT "— NECESSITY OF CALLING ELECTION. — An assess-
    ment upon the property within an irrigation district organized under the
    Wright Act, levied for the purpose specified in section 37 of such act, is
    a " special assessment " within the meaning of section 41 of that act, and
    must be previously authorized by a vote of the electors within the dis-
    trict; and an assessment levied by the board of directors of such a dis-
    trict, for the purpose specified in section 37, without the calling of a
    special election, or the submission to the qualified electors of the district
    of the question whether or not a special assessment should be levied, is
    invalid.
ID. — RECOVERY OF ILLEGAL ASSESSMENT — PLEADING — PROOF — ABSENCE
    OF ELECTION. — In an action to recover an assessment of an irrigation
    district paid under duress, an averment in the complaint that the as-
    sessment was levied without calling a special election or submitting the

question to the qualified electors of the district, and that no election was held authorizing the levy, should not be stricken from the complaint, and the plaintiff should be allowed to prove the averment.

Appeal from a judgment of the Superior Court of Stanislaus County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Schell & Eastin,* and *Bond & Fishback,* for Appellant.

*C. C. Wright, C. A. Stonesifer,* and *A. L. Rhodes,* for Respondent.

Harrison, J. — The directors of the Modesto Irrigation District levied an assessment September 19, 1888, of thirty-three and one third cents upon each hundred dollars in valuation of the real property within said district " for the purpose of defraying the expenses of the organization of said district, and payment of the salaries of officers and employees of said district for the year 1888." Under this assessment the defendant, as collector of said district, proceeded to collect the same, and for that purpose was about to sell certain property belonging to the plaintiff, when the plaintiff, for the purpose of preventing the property from being sold, paid to him, under protest, the sum of $63.16, and thereafter brought this action to recover the amount so paid, upon the ground that the assessment was illegal, and that the money was paid by him under duress.

The act (Stats. 1887, p. 29) under which these proceedings were taken provides for raising money from tolls and charges, and also by assessments upon the property within the district. As the tolls and charges are to be collected from the use of the canal, it is obvious that until the canal has been constructed the only mode by which the directors can raise money for any purpose, except from the sale of bonds, is by means of assessment. This assessment, although referable to the power of taxation, is distinct from a tax, and is not subject to the

constitutional provisions respecting taxation, but may be levied upon all real property within the district without deducting from the value of such property the amount of any mortgages existing thereon.     (*In re Bonds of Madera Irrigation District,* 92 Cal. 296.)

Section 37 of the act referred to declares that "for the purpose of defraying the expenses of the organization of the district, and of the care, operation, management, repair, and improvement of such portions of said canal and works as are completed and in use, including salaries of officers and employees, the board . . . . may provide for the payment of said expenditures by a levy of assessments therefor, . . . . and the board shall have the same powers and functions for the purposes of said levy as are now possessed by boards of supervisors in this state." We have not been referred to any statute which confers upon the boards of supervisors the power to levy an assessment, as distinct from a tax, but section 25, subdivision 13, of the County Government Act (Stats. 1883, p. 304), defines the powers of boards of supervisors in the matter of levying taxes, and gives them power "to levy taxes upon the taxable property of their respective counties for all county purposes, and also upon the taxable property of any district for the construction and repair of roads and highways, and other purposes, provided that no tax shall be levied upon any district until the proposition to levy the same has been submitted to the qualified electors of such district, and received a majority of all the legal votes cast upon such proposition." It is thus seen that boards of supervisors are not authorized to levy a tax upon any district for district purposes without a previous approval thereof by the voters of that district, at an election held for that purpose.

The Wright Act has been framed upon the theory that the electors of an irrigation district shall themselves determine the amount which they will pay for the expenses of the local improvement, whether by the issuance of bonds, for the payment of which an annual

assessment is to be levied (secs. 15–17), or by a contribution of money to be paid by a single assessment (sec. 41); and this theory is further shown by the provisions of section 37, which limit the power of the directors in levying an assessment to such as are possessed by boards of supervisors in levying a tax upon a district within their county. Section 41 provides for submitting to the qualified electors of the district the question whether a "special assessment" shall be levied for the purpose of raising money "to be applied to *any of the purposes* provided in the act." If the directors desire to raise money for the purpose specified in section 37 by "levy of assessments therefor," rather than from tolls and charges, such assessments are the "special assessments" referred to in section 41, and must be previously authorized by a vote of the electors within the district. The provision that the directors may call an election for the purpose of submitting such question "when, in their judgment, it may be advisable," does not mean that they may levy an assessment according to their will, and submit the question of such levy only when, in their judgment, it may be advisable, but it means that when, in their judgment, it may be advisable to levy an assessment, they shall call an election for the purpose of submitting to the electors within the district the question whether the assessment shall be levied. The directors are the governing body of the district, and the body by which the assessment is to be levied. They are also to determine, in the first place, whether it is advisable to levy an assessment for any of the purposes provided in the act, and also the amount of such assessment; but before they can levy it, they must obtain the consent of the electors of the district as provided in section 41. If the directors have the power to levy an assessment, irrespective of the will of the electors, the provisions of section 41 for an election to determine such question, which require that "the notice must specify the amount of money proposed to be raised, and the purpose for which it is intended to be used," would be meaningless, for the

directors could levy the assessment, even if the vote of the district was adverse thereto. This section is intended to supplement the provisions of section 37, which limit the powers of the directors in making the levy to such as are possessed by boards of supervisors, by providing a mode in which the will of the electors of the district, required under subdivision 13 of section 25 of the County Government Act, may be ascertained, for the purpose of guiding the action of the directors of the irrigation district.

In the complaint herein, the plaintiff alleged "that said levy of assessment was made by said board of directors without calling a special election, or submitting to the qualified electors of the district the question whether or not a special assessment should be levied for the purpose of raising said sum of money, or any other sum; that no election was held in said district authorizing said directors to make said levy of assessment." Upon the motion of the defendant, the court below struck this averment from the complaint, and upon the plaintiff's offering to prove the facts therein alleged, excluded the evidence. Inasmuch as it was essential to the validity of the assessment that an election therefor should have been held, it was proper for the plaintiff, in order to establish the illegality of the assessment, to allege and show that it was made without such election, and the action of the court in striking the averment from his complaint was error, and for this error the judgment and order denying a new trial are reversed.

DE HAVEN, J., McFARLAND, J., GAROUTTE, J., PATERSON, J., and SHARPSTEIN, J., concurred.

Rehearing denied.