[No. 19405.    Department Two.—August 25, 1894.]

# R. P. WOODRUFF ET AL., RESPONDENTS, *v.* WESLEY PERRY ET AL., APPELLANTS.

IRRIGATION DISTRICT—ASSESSMENT NOT AUTHORIZED BY VOTE—INJUNC-
TION.—An assessment of an irrigation district to defray the experses of
organization, including the salaries of officers and employees, which has
not been authorized by a vote of the electors of the district, is illegal,
and an injunction will be granted to enjoin the enforcement of its
collection by a sale of property upon which the tax has become delin-
quent.

APPEAL from a judgment of the Superior Court of
San Diego County.

This action was brought by the owners of lands
affected by an assessment levied by the Otay Irrigation
District, for expenses of organization, including the
salaries of officers and employees, to have the assess-
ment declared illegal and void, and to enjoin the
enforcement of its collection, upon the ground that the
assessment was levied without submission to a vote of
the electors of the district.   The judgment was in favor

of the plaintiffs, from which an appeal was taken by the irrigation district.

*C. H. Rippey*, and *David L. Withington*, for Appellants.

The directors had express power to create a debt without a vote of the electors. (See Wright Act, secs. 11, 14, 15, 35.) There is certainly no express prohibition of the power of taxation in the Wright act, and therefore the district had implied power to create debts, and consequently to levy a tax to pay such debts. (*People v. Board of Supervisors*, 21 Cal. 669; *Security Sav. Bank v. Hinton*, 97 Cal. 219; *Citizens' Sav. and Loan Association v. Topeka*, 20 Wall. 655; *Wolff v. New Orleans*, 103 U. S. 358; *Quincy v. Jackson*, 113 U. S. 332–38; *Albuquerque Bank v. Perea*, 147 U. S. 87; Cooley on Taxation, 475–79.) It will not do to say that a minority of the electors, by refusing to act, can relieve the taxpayers of the obligation, and the legislature has recognized this by providing in the act to disincorporate, that no district shall be dissolved until all indebtedness is paid. (Laws of 1893, pp. 520, 521. And see *People v. Selma Irrigation District*, 98 Cal. 206.)

*D. L. Murdock*, for Respondents.

The assessment is illegal, as it was levied without a vote of the electors. (*Tregea v. Owens*, 94 Cal. 317.) As under section 30 of the Wright law the deed given to a purchaser under sale for delinquent taxes is *prima facie* evidence of the proceedings, it casts a cloud upon the title. (*Palmer v. Rich*, 12 Mich. 420; *Scofield v. Lansing*, 17 Mich. 447; *Jenkins v. Board of Supervisors*, 15 Wis. 12; High on Injunctions, sec. 595; Blackwell on Tax Titles, sec. 1066.) A deed good on its face is a cloud. (Blackwell on Tax Titles, sec. 1066; High on Injunctions, sec. 375; *Burr v. Hunt*, 18 Cal. 307; *Holt v. Weld*, 140 Mass. 578; *Arrington v. Liscom*, 34 Cal. 371; 94 Am. Dec. 722.) Injunction will lie to restrain a tax sale that will cast a cloud upon the title when the invalidity will

not appear upon the face of the deed.   (High on Injunctions, secs. 494, 525, 526, 538; Blackwell on Tax Titles, 5th ed., secs. 1053, 1056–58;   *Burnet* v. *Cincinnati,* 3 Ohio, 75; 17 Am. Dec. 582; *Greedup* v. *Franklin,* 30 Ark. 101; *Burr* v. *Hunt,* 18 Cal. 307; *Axtell* v. *Gerlach,* 67 Cal. 483; *Jenkins* v. *Board of Supervisors,* 15 Wis. 12; *Scofield* v. *Lansing,* 17 Mich. 447; Pomeroy's Equity Jurisprudence, sec. 1345; *Johnson* v. *Hahn,* 4 Neb. 149; *South Platte Land Co.* v. *Buffalo Co.,* 7 Neb. 253.) A deed regular upon its face, which by statute is made evidence of title, casts a cloud, and the court will enjoin raising of the cloud where it would remove the cloud if cast. (*Pixley* v. *Huggins,* 15 Cal. 132; Blackwell on Tax Titles, sec. 1066; High on Injunctions, sec. 372; *Pettit* v. *Shepherd,* 5 Paige, 493; 28 Am. Dec. 437.)

DE HAVEN, J.—The assessment referred to in the complaint not having been authorized by a vote of the electors of the Otay Irrigation District, was illegal under the rule announced in the case of *Tregea* v. *Owens,* 94 Cal. 317; and inasmuch as the invalidity of such assessment would not appear upon the face of the deed given to the purchaser at the sale made for the purpose of collecting the delinquent tax levied by such assessment, the plaintiffs are entitled to the injunction given by the judgment appealed from. (*Pixley* v. *Huggins,* 15 Cal. 127; *Burr* v. *Hunt,* 18 Cal. 303.)

Judgment affirmed.

FITZGERALD, J., and McFARLAND, J., concurred.