[No. 12845. In Bank. — August 2, 1889.]

PARKER DEAR, APPELLANT, v. W. S. VARNUM, TAX COLLECTOR, ETC., RESPONDENT.

TAXATION — ACTION TO RECOVER TAXES PAID UNDER PROTEST — DESCRIPTION OF PERSONAL PROPERTY — STATEMENT — PRESUMPTION. — Where the complaint in an action to recover back personal property taxes, which are claimed to have been void by reason of an insufficient description of the property in the assessment, and to have been paid under protest, alleges that the plaintiff furnished the assessor with a statement of his assessable property, it will be presumed in support of the assessment, unless the contrary is alleged, that the description in the assessment was identical with that in the statement; and whether the description contained in the statement was correct or not, if the assessor adopted it, the plaintiff will not be heard to complain of its indefiniteness.

ID. — INSUFFICIENT ALLEGATION OF DEFECTIVE DESCRIPTION — CONJUNCTIVE ALLEGATION — NEGATIVE PREGNANT. — An allegation in the complaint which, without describing the assessment, merely alleges conjunctively that the assessment did not show "the number, kind, amount, *and* quality" of the personal property, admits that the assessment did contain at least three of these requirements, and is insufficient as an averment of an inadequate description.

ID. — SUFFICIENT DESCRIPTION. — Under section 3650 of the Political Code, the failure to enumerate personal property in detail does not invalidate the assessment. It is only necessary to show generally the kind or quality of personal property, so that the tax-payer may know for what property he is taxed.

ID. — PAYMENT UNDER PROTEST — VOLUNTARY PAYMENT. — In the absence of acts amounting to duress or coercion, the payment of a tax is voluntary, although made under protest.

ID. — INSUFFICIENT ALLEGATION OF DURESS AND COERCION. — In an action to recover back personal property taxes, a complaint which merely alleges that at the time the taxes were paid the delinquent list was being published, and which does not aver that any real property was assessed to or owned by the plaintiff, upon which the assessment of the personal property was a lien, or that there was any seizure of, or any threat or attempt to seize, the plaintiff's property, fails to show that the taxes were paid under duress or coercion.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*J. E. Deakin,* for Appellant.

The assessment was insufficient as to the description. (Pol. Code, sec. 3650; *Falkner* v. *Hunt,* 16 Cal. 167; *People* v. *McCreery,* 34 Cal. 441; *Cadwalader* v. *Nash,* 73 Cal. 43; *San Francisco* v. *Flood,* 64 Cal. 506.) The payment was made under duress. (*Smith* v. *Farrelly,* 52 Cal. 77.)

*J. L. Copeland,* for Respondent.

VANCLIEF, C. — This is an action to recover back certain taxes upon personal property paid by the plaintiff to the defendant as tax collector of San Diego County under protest.

The complaint alleges, in substance, that the assessment of plaintiff's personal property for taxes for the fiscal year ending June 30, 1887, was illegal and void, for the reason that it did not show the "number, kind, amount, and quality" of the personal property attempted to be assessed; that on or about the sixteenth day of Feb-

ruary, 1888, the delinquent tax list for the preceding fiscal year had come into the hands of the defendant as tax collector, and the publication thereof had been commenced; and that on said day plaintiff paid to the defendant the amount of personal taxes demanded of him, to wit, the sum of $238.15, and five per cent penalty and costs, and at the same time protested against the payment thereof upon the ground that the assessment thereof was illegal and void for the reason above stated. An amendment to the original complaint averred, in substance, that, prior to the assessment, plaintiff furnished to the assessor, in conformity to section 3629 of the Political Code, a written statement, under oath, setting forth specifically all the real and personal property owned by plaintiff, or in his possession, or under his control, at twelve o'clock, M., on the first Monday in March, 1887, and that the assessment was made in an assessment-book prepared by the assessor with appropriate headings alphabetically arranged.

To the amended complaint the defendant interposed a general demurrer, which was sustained, and upon failure of plaintiff to further amend his complaint, judgment was rendered for the defendant, from which the plaintiff brings this appeal.

The complaint does not set forth a copy of the assessment, nor does it disclose the contents of the written statement furnished by plaintiff to the assessor; nor allege that the assessment did not conform, in its description of property, to the description contained in the statement furnished by plaintiff, nor show wherein it differed therefrom. Assuming the statement furnished to have been such as the law required, it must be presumed in support of the assessment, unless the contrary is alleged, that the description in the assessment was identical with that contained in the statement. But whether the statement was correct or not, if the assessor adopted the description furnished by the plaintiff, the

latter will not be heard to complain of its indefiniteness. (*San Francisco* v. *Flood,* 64 Cal. 504; *Cadwalader* v. *Nash,* 73 Cal. 43.)

The Political Code, section 3650, expressly provides that a failure to enumerate personal property in detail does not invalidate the assessment thereof. The complaint, without describing the assessment, merely alleges conjunctively that the assessment did not show "the number, kind, amount, *and* quality" of the personal property. This negative allegation is pregnant with the affirmative admission that the assessment did show at least three of these requisites, and is not a positive allegation that the assessment failed to show any particular one of the four; yet under the provisions of the code the assessment is sufficient if it shows generally the kind or quality of personal property, so that the tax-payer may know for what property he is taxed. (*San Francisco* v. *Flood, supra.*)

The complaint is further insufficient in that it fails to show that the payment of the personal taxes was made under duress or coercion. The complaint merely alleges that the delinquent list was being published, but does not allege that any real property was assessed to or owned by the plaintiff upon which the assessment of personal property became a lien. Therefore, the allegation as to the publication of the delinquent list has no relevancy to the question of coercion. There is no allegation of any seizure of, or of any threat or attempt to seize, plaintiff's property. In the absence of acts amounting to duress or coercion, the payment of the tax was voluntary; and the mere protest made at the time of payment does not divest it of its voluntary character. Where there is no legal compulsion, the legal effect of the payment is not impaired by a protest. (*McMillan* v. *Richards,* 9 Cal. 417; 70 Am. Dec. 655; *Bucknall* v. *Story,* 46 Cal. 597; 13 Am. Rep. 220; *Bank of Woodland* v.

*Webber,* 52 Cal. 73; *Wills* v. *Austin,* 53 Cal. 152; *Brumagim* v. *Tillinghast,* 18 Cal. 266; 79 Am. Dec. 176.)

We think the judgment should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.