[No. 14138.   Department Two. — November 29, 1892.]

AMOS CURRIER, APPELLANT, v. GEORGE NELSON
ET AL., RESPONDENTS.

DEEDS — DESCRIPTION OF BOUNDARY — LOCATION OF STARTING-POINT — DI-
RECTION "NORTH" OF LINE OF CROSS-STREET. — When the boundary
described in a deed commences at a point on the northwesterly line of a
street which runs in a northeasterly and southwesterly direction, dis-
tant 125 feet "north" of the northeasterly line of another street, which
crosses the first street at right angles, the starting-point must be taken
at a point on the northwesterly line of the first street lying the required
distance due north of the northeasterly line of the cross-street, and can-
not be taken at a point lying the same distance northwesterly from the
intersection of the two lines at the northerly corner of the two streets.

ID. — MEANING OF "NORTH." — Though the word "north," as used in the
descriptive call of a deed, may be controlled or qualified in its meaning
by other words of description used in connection with it, yet when it is
not qualified or controlled by other words, it must be construed to mean
due north.

ID. — EJECTMENT — MISTAKE — PLEADING — EQUITABLE DEFENSE. — If a
mistake was made in adopting the description contained in a deed made
to a defendant who is sued in an action of ejectment, and the deed was
intended to convey the land which is the subject of the action, it may be
shown under proper pleadings setting forth any equitable defense which
he may have to the action growing out of the mistake.

ID. — APPEAL — ALLOWANCE OF AMENDMENT UPON REVERSAL OF JUDG-
MENT — MOTION FOR JUDGMENT UPON FINDINGS. — Where the court
below has erroneously rendered judgment in favor of the defendant in
an action of ejectment, and the findings show that the deed under which
the defendant claims title does not describe the land in controversy,
and it appears that plaintiff claims the land sued for under a subsequent
quitclaim deed from the same grantor under whom the defendant claims,
and a mistake in the defendant's deed was not pleaded, the judgment
will be reversed, with leave to the defendant to amend his answer by
setting up any equitable defense that he may have growing out of a
mistake in the deed to him, the sufficiency of the answer to be deter-
mined by the court below when it is filed, and a motion of the plaintiff
for judgment in his favor upon the findings will be denied.

APPEAL from a judgment of the Superior Court of the
city and county of San Francisco, and from an order
denying a new trial.

The facts are stated in the opinion of the court.

*Theodore H. Hittell,* for Appellant.

The law tacitly inserts the word " due " before the
word " north," or in other words, it declares that " north "

means " due north." (2 Washburn on Real Property, sec. 631; *Brandt* v. *Ogden,* 1 Johns. 158; *Bosworth* v. *Danzien,* 25 Cal. 297; *Jackson* v. *Lindsey,* 3 Johns. Cas. 86; *Jackson* v. *Reeves,* 3 Caines, 293; *Fratt* v. *Woodward,* 32 Cal. 219; 91 Am. Dec. 573.) The court cannot depart from the language of the parties in construing the deed. (*City of Eureka* v. *Diaz,* 89 Cal. 467; *Smith* v. *State,* 66 Md. 217; *Green* v. *Wood,* 7 Ad. & E., N. S., 185; *Woodbury* v. *Berry,* 18 Ohio St. 462; *Cunningham* v. *Thornton,* 28 Ill. App. 58.) The place of beginning, under defendant's deed, as fixed by the parties, and not as supposed or assumed by the court, must govern. (*Irwin* v. *Towne,* 42 Cal. 326; *Altschul* v. *San Francisco C. P. H. A.,* 43 Cal. 171; *Elliott* v. *Lewis,* 10 Hun, 486; *Jackson* v. *Wilkinson,* 17 Johns. 146; *Jackson* v. *Sprague,* 1 Paine, 497; 2 Washburn on Real Property, sec. 636; *Pride* v. *Lunt,* 19 Me. 115; *Emerick* v. *Kohler,* 29 Barb. 169; *Ames* v. *Hilton,* 70 Me. 36; *Faris* v. *Phelan,* 39 Cal. 612.)

*Thomas F. Barry,* for Respondents.

The intentions of the parties must govern, and the entire description contained in the deed should be resorted to for their discovery. (*Hicks* v. *Coleman,* 25 Cal. 122; 85 Am. Dec. 103; *Colton* v. *Seavey,* 22 Cal. 496; *More* v. *Massini,* 37 Cal. 432. See also *Altschul* v. *San Francisco C. P. H. A.,* 43 Cal. 171.) The word "north" does not necessarily mean due north. (*Faris* v. *Phelan,* 39 Cal. 612; *Irwin* v. *Towne,* 42 Cal. 326. See also *Fratt* v. *Woodward,* 32 Cal. 219; 91 Am. Dec. 573.)

De Haven, J. — This is an action to recover possession of a certain lot in San Francisco, which is described in the complaint as " commencing at a point in the northwesterly line of Harrison Street, distant one hundred and twenty-five feet northeasterly from the northerly corner of Harrison and Fourth streets, and running thence northeasterly along said northeasterly line of Harrison Street twenty-five feet," and extending back from said street a distance

of seventy-five feet.  The court below gave judgment for the defendants, and the plaintiff appeals.

It appears from the record that one Jones was, on September 17, 1879, the owner and in possession of the lot in controversy, and both the plaintiff and defendant Schmalzlen claim to have succeeded to this title.  The defendant Schmalzlen claims under a deed executed by Jones on September 17, 1879, and in which the lot conveyed is described as " commencing at a point on the northwesterly line of Harrison Street distant one hundred and twenty-five feet north of the northeasterly line of Fourth Street, and running thence northeasterly along said northwesterly line of Harrison Street twenty-five feet," and extending back from Harrison Street a distance of seventy-five feet.

The plaintiff's claim of title is based upon a later quitclaim deed executed by Jones, and in which the land conveyed is described as in the complaint.

It will be seen from the foregoing statement that the only matter to be decided upon this appeal is, whether the deed of September 17, 1879, under which defendant Schmalzlen claims, describes the land in controversy, and whether that deed does so describe it or not depends entirely upon the meaning of the word "north" as used in its first descriptive call.  The first call in the deed referred to is for a point in the northwesterly line of Harrison Street one hundred and twenty-five feet *north* of the northeasterly line of Fourth Street.  The court below found as facts: "10. That Harrison Street, in said city and county, runs in a northeasterly and southwesterly direction, and Fourth Street, in said city and county, runs at right angles to it, in a northwesterly and southeasterly direction; that the only point in the northwesterly line of said Harrison Street which is one hundred and twenty-five feet due north from the northeasterly line of said Fourth Street is a point on said northwesterly line of Harrison Street eighty-eight feet four and three eighths inches northeasterly on said line of Harrison Street from the north corner of said Harrison and Fourth streets,

and thirty-six feet seven and five eighths inches south-westerly on said line of Harrison Street from the point of commencement of the real estate described in said complaint. 11. That a line drawn due south from the point of commencement of the real estate described in the complaint does not strike the northeasterly line of said Fourth Street in a less distance than one hundred and seventy-five feet due south from said point of commencement."

In view of these facts, it is clear that if the word "north," as used in the first descriptive call of defendants' deed, is to be construed as meaning due north, then the land in controversy was not conveyed by that deed, and the judgment in favor of defendants must be reversed. There is no doubt that the word " north " may be controlled or qualified in its meaning by other words of description used in connection with it. If, for instance, the deed here had described the lot as commencing at a point on the northwesterly line of Harrison Street 125 feet north of the north corner of Harrison and Fourth streets, there would then have been a necessity to construe the word "north," as thus used to describe the course of the line between the two points named, as meaning " northeasterly," in order to harmonize with the points given for the beginning and ending of such line; but in the case before us there is no room for construction, and the court would not be warranted in giving to the word "north," in the call referred to, any other than its ordinary meaning, as there is nothing whatever in the deed to indicate or suggest that it was used in any other sense. The word " north," unless qualified or controlled by other words, means due north, and that is its meaning in the deed under consideration. " The term 'northerly,' in a grant, where there is no object to direct its inclination to the east or west, must be construed to mean 'north.' " (*Brandt* v. *Ogden*, 1 Johns. 156. See also *Fratt* v. *Woodward*, 32 Cal. 220; 91 Am. Dec. 573; *Irwin* v. *Towne*, 42 Cal. 334.)

It follows from the views we have expressed that the

deed under which defendant Schmalzlen claims does not describe the land in controversy.

It is not alleged in the answer that the parties to this deed adopted the description which it contains by mistake, and that such deed was intended and believed by them to convey the land which is the subject of this action. If such mistake was made, it may be shown under proper pleadings, and the defendant Schmalzlen should be permitted to amend his answer by setting forth any equitable defense which he may have to this action growing out of such mistake, if it was made.

Judgment and order reversed.

SHARPSTEIN, J., and McFARLAND, J., concurred.

On December 29, 1892, the following order was made, upon a motion of appellant to modify the judgment: —

DE HAVEN, J. — The motion of appellant to modify the judgment rendered in this case on November 29, 1892, by directing the court below to enter judgment for the plaintiff on the findings, is denied.

We did not, in the opinion filed on that date, intend to be understood as saying that upon proof of the single fact that the parties to the deed of September 17, 1879, adopted the description which it contains by mistake, the defendant would be entitled to a judgment in the action, nor do we think the language used by us can be so construed. The question as to what facts should be alleged, in order to constitute an equitable defense to the action growing out of such mistake, if made, was not before us, and it was not our purpose to give a complete outline of all that such a pleading should contain. The sufficiency of such an answer must be determined by the court when it is filed.

McFARLAND, J., and BEATTY, C. J., concurred.