## WEBB v. CUMMINGS.

(October 16, 1900.)

*Deeds—Description, Sufficiency of—Boundaries.*

The language of the deed in this case held sufficiently descriptive to convey the land claimed by the grantee.

PETITION by W. G. Webb, administrator of estate of Staton Cummings, against Anne Cummings and others, for a sale of lands for assets, heard by Judge *H. R. Starbuck* and a jury, at April Term, 1900, of EDGECOMBE Superior Court. From judgment for defendants, petitioner appealed.

PLAT.

*Gilliam & Gilliam,* for plaintiff.
*John L. Bridgers* and *James Pender,* for defendant.

FAIRCLOTH, C. J. The plaintiff files a petition against the widow and children to sell, for assets, a tract of land which he alleges belonged to his intestate, Staton Cummings, containing 430 acres. The tract is irregular in shape, and is described by well-defined lines, with courses and distances. The widow in her answer alleges that she is the owner of 200 acres of said land by virtue of a deed made to her by her husband

for a valuable consideration.   The only question is whether
the description in her deed is definite enough to convey the
title to said 200 acres.   The descriptive language is this:
"A certain tract of land situated on the east side of Staton
Cummings' tract, he now resides on, to contain 200 acres,
and adjoining the lands of D. V. Mercer, W. Y. Webb, and
Staton Cummings' land on the west side."   It was admitted
that Staton Cummings owned no land to the east of the tract
above referred to.   The plaintiff contends that the description
is so indefinite that no title passed, and that the 200 acres
can not be located.   It is manifest that the husband intended
to convey to his wife 200 acres of land on the east side of
his tract of 430 acres.   Of course, we can not observe his in-
tention, unless his language in the deed is sufficient to carry
the title as he intended.   His Honor held that the widow is
the owner of said 200 acres, and the defendant excepted and
appealed.

Ordinarily the quantity of land is immaterial, but when
the boundary line is uncertain, as in this case, the quantity
becomes an important and material element.   Clearly, to cut
off 200 acres "on the east side of Staton Cummings' tract,"
etc., the division line must run north and south.   On the
plat filed in this case, it appears from the sixth station that
a line due south is drawn to a point in the south boundary
line of the whole tract, and the surveyor testifies that that
line cuts off exactly 200 acres on the east side, and that no
other north and south line will cut off exactly 200 acres. The
method of locating this south and north line does not appear
in the record, but the fact that it cuts off exactly 200 acres
shows that the location can be ascertained.   In *Stewart v.
Salmonds,* 74 N. C., 518, a rude way of establishing the
division line is pointed out, in a case involving a similar
question.   This case has been approved and followed in *War-*

*ren v. Makely,* 85 N. C., 12, and *Cox v. Cox,* 91 N. C., 256. The same result can be accomplished by the rules in trigonometry and the logarithmic system. No doubt, competent and practical surveyors have other convenient modes of doing their work on scientific principles. We think, therefore, that his Honor properly instructed the jury that the defendant Anne Cummings was the owner of the 200 acres described in her deed from her husband.

Affirmed.