O'FARRELL *v.* VONDEREAU, administrator.

1. When a boundary given in a deed is the land of a named person, the description of this particular boundary will be sufficient, although the title of such third person may be defective, if it be made to appear that the maker of the deed recognized him as the owner and as claiming the land, and the boundary line of the adjacent tract is established by competent extraneous evidence.

2. The evidence was sufficient to support the finding of the jury against the contention of the plaintiff that the levy of a tax fi. fa., which was the foundation of a tax deed to claimant's predecessor in title, was void because excessive.

JUNE 29, 1910.

Claim. Before Judge Brand. Clarke superior court. June 4, 1909.

*W. M. Smith, H. C. Tuck,* and *Cobb & Erwin,* for plaintiff.

*T. S. Mell,* contra.

BECK, J. Mrs. O'Farrell, who was transferee of a mortgage fi. fa. against one Ficklin, had the same levied upon a tract of land embracing 25 acres, to which Vondereau filed a claim. Upon the trial of the issue thus made the jury returned a verdict in favor of the claimant. Vondereau purchased the land in question from one Davis, who purchased it at a tax sale under and by virtue of a tax fi. fa. against Ficklin. The following is a description of the land in the levy of the tax fi. fa. referred to, and substantially the same description of the land is contained in the deed from the sheriff to Davis, and in the deed from Davis to Vondereau: "the tract or lot of land lying in the 216 district, G. M., said county, containing twenty-five acres, it being a part of the W. H. Ficklin lands, bounded on the west by Sandy Creek Bridge Road; on the north by part of the Ficklin lands; on the east by an unknown street; on the south by lands owned by Loan Association of Henrico County, Va., Thomas Potts, treasurer." For a more detailed statement of the facts see *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821). The verdict being in favor of the claimant, and the court having overruled a motion for a new trial, the plaintiff in the mortgage fi. fa. excepted. While the motion contains several grounds, in substance the attack upon the verdict is based upon two contentions only. The first is that the sheriff's deed to Davis is void because of insufficiency in the description of the land sold —that is, the tract of land in controversy; and the second ground of attack is that this deed was void because of the excessive levy by virtue of which the tax sale at which Davis was purchaser was made.

1. An examination of the levy under which the tax sale was made, and of the deed to Davis, the purchaser at the sale, discloses that the western and eastern boundaries of the tract of land in question are respectively a road and a street; and while the street is described as an unknown street, and the character of the road which constituted the western boundary of the land is somewhat in question, both road and street are sufficiently fixed and certain as boundaries of the tract of land on the western and eastern sides. Now, if the southern boundary can be determined and is susceptible of exact location, then, as the deed calls for a definite acreage,

the determination of the northern boundary becomes merely a matter of mathematical calculation. The southern boundary calls for the land "owned by Loan Association of Henrico County, Va., Thomas Potts, treasurer." A tax deed from Weir, sheriff, to Thomas Potts was introduced in evidence. This deed conveyed "about 25 acres of land, more or less, in Clarke county, Georgia, in the corporate limits of the city of Athens, and bounded as follows: On the west by Sandy Creek Bridge Road, on the north by other lands of W. H. Fickling, on the south and east by streets, said land being in a triangular shape." In the case of Moody *v.* Vondereau, supra, it was said: "Any description will suffice which identifies the land with such certainty that the specific parcel intended to be granted can be ascertained, either by the calls of the instrument as applied to the land, or by aid of the descriptive portions of the grant." And in the same case it was said that even if it be conceded that the deed from Weir, sheriff, to the Loan Association of Henrico County was invalid because of its indefinite description of the land, it would not follow from this circumstance that the call for the Loan Association tract as a southern boundary could not furnish a line of boundary between the parcel of land claimed to be owned by the Loan Association and that sold to Davis. "The call of the Davis deed for the southern boundary therein described is not for the deed to Potts, treasurer, or any lines fixed in that deed, but for the line of another tract of land, viz., that of the Loan Association of Henrico County, Va. Where the line of another tract is called for in the description of a deed as one of the boundaries of the land conveyed, the line must be run to such boundary line. If the boundary is given as the land of another, the description of this particular boundary will be sufficient, although the name of the person given as an adjoining owner may be incorrect, if it be made to appear that the maker of the deed recognized him as the owner, and as claiming the land at the time the deed was made. 2 Devlin on Deeds, § 1014. The designation of another tract as a boundary is part of the description of the land conveyed, and extrinsic evidence is admissible to show its location. When this is done, the line of such tract becomes the boundary line of the land called for by the deed." *Moody* v. *Vondereau*, 131 *Ga.* 525. And we are of the opinion that on the last trial of this case there was sufficient evidence from which the jury

would be authorized to find that the northern boundary of the tract of land referred to as the Potts land (that is, the land sold to the Loan Association) had been surveyed and located so as to be capable of ascertainment at the time of the levy of the tax fi. fa. under which the tax sale of the land in controversy to Davis was made. We do not think that the fact that the Loan Association of which Potts was treasurer may never have had any title to the land known as the Potts land, because of the defect in the sheriff's deed to the Loan Association, affects the question under consideration. It is not a question as to who was the actual owner of the land the northern boundary of which is called for as the southern boundary of the tract of land conveyed by deed from Davis to Vondereau; but the question is, whether that northern boundary of the first tract of land had been located and surveyed and so known at the time of the levy under which the tax sale was made to Davis; and if the boundary of the Potts land had been surveyed and located, then the oral testimony of those who knew of the location and survey, together with the description in the deed from the sheriff to Davis, could render the identification of the lands conveyed at the tax sale to Davis complete, and the deed from the sheriff to Davis was not void for want of sufficiency in description, and the deed from Davis to the claimant likewise was not so wanting in sufficiency of description as to be invalid.

2. The question as to whether or not the levy of the tax fi. fa. by virtue of which, at a tax sale, the property in controversy was sold and conveyed to Davis, was excessive and the sheriff's deed to Davis void was submitted, under the court's instructions (to which the plaintiff in error takes no exception), to the jury, and there was sufficient evidence to uphold their finding.

*Judgment affirmed. All the Justices concur.*