*R. G. Hartsfield* and *A. B. Conger,* for plaintiff in error.

*J. C. Hale,* contra.

---

## CLOWER *et al.* v. GODWIN *et al.*

1. The following description of the land alleged to have been sold to the plaintiffs by the defendants is found in the bond for title: "All that tract or parcel of land being part of lot of land No. 234 in 2nd land Dist. of originally Irwin, then Wilcox, but now Turner, containing one hundred acres, being in the east side of lot commencing at Buckskin Branch, thence to original line, thence back north far enough, thence running west back far enough to make one hundred acres. Bound on west by lands of Elbert Paulk, on north by lands of Bennett Pate, and on east by Monroe Harvey." *Held,* that it can not be declared as a matter of law that the description is so lacking in certainty that it may not be made the basis of a decree for specific performance.

2. Where a tract of land is sold for $1,500, and the sum of $350 is paid at the time of the sale, and a note due in sixty days, bearing interest, is given for the balance of the purchase-money, and a bond for title is executed by the owner of the land, conditioned to execute a deed upon the payment of the note, and time is not expressly made of the essence

of the contract, and there is no language employed in the bond importing an intent that it should be of the essence, a mere delay of four years and seven months in tendering the balance of the purchase-money will not bar the holder of the bond of his right to specific performance upon making a proper tender.

JUNE 13, 1913.

Equitable petition. Before Judge Frank Park. Turner superior court. September 9, 1912.

*John B. Hutcheson* and *A. S. Bussey,* for plaintiffs.

*R. L. Tipton,* for defendants.

BECK, J. J. M. Clower and W. C. Clower filed their petition against Mrs. Godwin and Mrs. Robertson, praying for specific performance and other equitable relief. It is alleged in the petition, that the plaintiffs entered into a contract with Mrs. Godwin, for a sale to them of a certain described tract of land for the sum of $1,500. The date of the contract was October 31, 1907. The plaintiffs paid $350 of the purchase-price in cash, and for the balance gave their promissory note due in sixty days, and Mrs. Godwin executed a bond to make title, in the usual form. On or about the 2d day of August, 1911, the plaintiffs tendered to Mrs. Godwin the balance of the purchase-price. She was then and is still in possession of the land. She had, on the 27th day of September, 1910, executed to her daughter, Mrs. Robertson, a deed to 25 acres of the land sold to plaintiffs; and Mrs. Robertson took this deed with notice of plaintiffs' purchase from Mrs. Godwin. And in addition to praying for specific performance against Mrs. Godwin, the plaintiffs prayed that Mrs. Robertson be required to bring in Mrs. Godwin's deed to herself, and that it be canceled. The court sustained a general demurrer to the petition, and dismissed the case.

1. The description of the land involved in this controversy, as set forth in the bond for title from Mrs. Godwin to the plaintiffs, is as follows: "All that tract or parcel of land being part of lot of land No. 234 in 2nd land Dist. of originally Irwin, then Wilcox, but now Turner, containing one hundred acres, being in the east side of lot commencing•at Buckskin Branch, thence to original line, thence back north far enough, thence running west back far enough to make one hundred acres. Bound on west by lands of Elbert Paulk, on north by lands of Bennett Pate, and on east by Monroe Harvey." It is urged that this description is so vague and indefinite that it can not form a basis of a decree in equity for specific per-

formance, and that for this reason the demurrer was properly sustained. We do not think we can say as a matter of law that the description of the land is so wanting in certainty that specific performance of the contract for the sale of same should not be decreed. The sale is for a fixed quantity of land, one hundred acres, and in the bond for title there is no addition of words, very frequently occurring in conveyances, "more or less." So we have a contract by its terms calling for a deed to 100 acres of land, and the boundaries on the east, north, and west are given. That being true, it is not impossible that by the aid of parol proof the southern boundary may be definitely fixed; and in such a case the plaintiffs would be entitled to specific performance, if they did not lose their right thereto by reason of delay in bringing their petition. *Moody* v. *Vondereau,* 131 *Ga.* 521 (62 S. E. 821).

2. Nor do we think that the plaintiffs were barred of their equitable relief by laches. Generally, time is not of the essence of a contract for the sale of land. And in the bond for title executed by Mrs. Godwin, time was not expressly made of the essence of the contract, and the instrument does not contain any terms a fair construction of which would make time of the essence. This was an ordinary contract for the sale of land, with part payment, and the bond for title in the usual terms; and there was no variance from such usual terms to indicate that both of the parties or either of them contended that time should be of the essence. And it would not seem that, although the plaintiffs delayed for a period of nearly five years before making a tender of the balance of the purchase-money, this was such an unreasonable delay as to annul the rights which plaintiffs would have had upon making a tender more promptly. The owner of the land was in possession of it, and had possession and use of the $350 which had been paid at first, and the note which had been given for the deferred payment bore interest. In such a case, especially in the absence of any demand by the defendants that the plaintiffs within some fixed period comply with the terms of the contract of sale, and a declaration on the part of the defendants that unless this demand was complied with by the plaintiffs the latter's rights under the bond would be forfeited, it would seem that the interest upon the deferred payment would be sufficient compensation for any delay in making payment. *Ellis* v. *Bryant,* 120 *Ga.* 890 (48 S. E. 352).

*Judgment reversed. All the Justices concur.*