[Civ. No. 4057. Third Appellate District.—May 9, 1930.]

E. E. McCALLA COMPANY, Appellant, v. JAMES SLEEPER, Assessor, etc., et al., Respondents.

C. E. McDowell for Appellant.

Z. B. West and Sam L. Collins for Respondents.

THOMPSON (R. L.), J.—This is an appeal from a judgment in favor of the defendants in an action to declare invalid an assessment of taxes levied against certain lots belonging to the plaintiff which are situated in Orange County.

The complaint alleges that during the fiscal year from July 1, 1923, to July 1, 1924, the plaintiff was the owner of a five-acre tract of land in Orange County, California, which is described by metes and bounds; that the defendant

Sleeper was the assessor of that county and as such officer procured from the plaintiff an outline map or diagram of said five-acre tract included within a large parcel of land consisting in the aggregate of 41.7 acres of land, which was subdivided into uniform parts or lots numbered from 1 to 427; that the assessor obtained a copy of this map which was filed in his official book of maps; that with reference to this copy of an unofficial map he proceeded to assess said five-acre tract at the rate of $50 per lot or subdivision; that for the purpose of assessing said property the officer failed to comply with the provisions of chapter 3, part 3, title 9, of the Political Code of California; that said map, to which reference was made in assessing the property, was not procured or filed pursuant to the requirements of section 3658a of the Political Code, and that said property was illegally assessed in subdivisions by reference to the numbers thereof as they appeared upon said unofficial map and not in one plot described by metes and bounds or so defined that the owner was able to identify the parcels of land which were assessed.

The complaint was demurred to on the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was overruled. The answer admitted many of the allegations of the complaint, except that it denied that the map in question was unofficial or that the description of the property by reference to the map and the numbers of the lots designated thereon was uncertain, indefinite or inadequate to enable the owner to identify the land which was assessed. Upon the contrary the answer affirmatively alleged that the map in question was a facsimile of the map of plaintiff's property furnished by him to the assessor under the provisions of section 3629 of the Political Code and which copy was duly filed in the official assessor's book of maps and contained descriptive data from which the owner would be enabled to accurately locate the various portions of land which were assessed to the plaintiff. A blue-print copy of this map was attached as an exhibit to the answer. This blue-print map describes the 41.7-acre tract of land, which includes the five acres involved in this suit, in a triangular form subdivided into uniform sections or lots which are numbered consecutively upon the map from 1 to 427. The map appears upon its face to have been

drawn upon a scale of 50 feet to the inch. It also contains the following reference to its identity, "Assessor's Map No. 10." The points of compass are also indicated and a definite point in the northern line of the triangular parcel of land is specifically designated as "2190.14 [feet] S. of ¼ cor. bet. Sec. 20 &. Sec. 29, T. 3 S.—R. 9 W." The course of the northern line of the tract is also indicated by the use of the words "East" and "West."

The court found that the plaintiff owned the property which is involved in this appeal; that the map hereinbefore mentioned was furnished to the assessor at his request covering a tract of 41.7 acres of land within which plaintiff's said five-acre tract was included; that a facsimile copy of that map as hereinbefore described was made and filed as "Assessor's Map No. 10" in the assessor's Official Book of Maps in his office, and that the said officer thereupon assessed the plaintiff's said property for the fiscal year beginning with July 1, 1923, and in so doing "described the aforementioned and described property by numbers as delineated on said Assessor's map No. 10"; that said map "is a true and correct description of the property reported to be shown thereon and is a sufficient description to identify each and every lot or parcel of land therein shown."

Upon these findings judgment was rendered in favor of the defendants. From this judgment an appeal was perfected upon the judgment-roll alone. The evidence which was adduced at the trial is not before this court.

The appellant contends that the assessment was void for the reason that (1) the description of the property was insufficient upon which to enable the owner to identify the particular property assessed, (2) the description is inadequate because reference was made only to an unofficial map, and (3) since the property had not been legally subdivided the assessor was authorized to describe it only by metes and bounds.

█ Since the map to which reference was made by the officer in assessing the property was supplied by the owner of the property and contained a description of the land and an identification of the various subdivisions thereof sufficient to enable one to accurately determine and define the particular land which was assessed to the plaintiff, and that a facsimile copy of this map was made and filed in the

official Assessor's Tax Book of Maps, designated as "Assessor's Map No. 10," and specifically referred to, it became a part of the description of the property and was therefore sufficient for the purpose of assessment, under the circumstances of this case.

■ For the purpose of assessment, real property is described with sufficient particularity when the owner is enabled to identify the land which is assessed without being misled by the description. (*Corson* v. *Crocker*, 31 Cal. App. 626 [161 Pac. 287]; *Numitor Gold Min. Co.* v. *Katzer*, 83 Cal. App. 161, 165 [256 Pac. 464]; 3 Cooley on Taxation, p. 2365, sec. 1175.) In the case of *Best* v. *Wohlford*, 144 Cal. 733 [78 Pac. 293, 294], the language used by the court in *San Gabriel Co.* v. *Wittmer Co.*, 96 Cal. 635 [18 L. R. A. 465, 470, 29 Pac. 500, 31 Pac. 588], was quoted with approval as follows: "The designation of the land will be sufficient if it afford the owner the means of identification and do not positively mislead him, or is not calculated to mislead him."

■ While it is true that the map to which reference is made in the present case was not prepared in the manner provided by section 3658a of the Political Code, it was provided by the plaintiff itself and contained the only description of the property which was furnished to the officer. The owner was therefore estopped from challenging the sufficiency of the description which it had given to the assessor. (*Dear* v. *Varnum*, 80 Cal. 86 [22 Pac. 76]; *Jacoby* v. *Wolff*, 198 Cal. 667, 674 [247 Pac. 195]; 24 Cal. Jur. 192, sec. 178.) ■ For the same reason the owner may not question the fact that the property was assessed by reference to the numbers of the subdivisions contained upon the map instead of describing the land by metes and bounds. ■ The requirements of section 3650 of the Political Code, in the absence of evidence to the contrary, must be assumed to have been fulfilled in the present case. This appeal is from the judgment-roll. The evidence which was adduced at the trial is not before this court. We must therefore assume, in support of the judgment, that every necessary element of the case, which is not refuted by the judgment-roll, was adequately proved. Section 3650 of the Political Code requires only that:

"The assessor must prepare an assessment book, with appropriate headings, . . . in which must be listed all property within the county, and which shall show under the appropriate head: . . . 2. Land, by township, range, section, or fractional section; and when such land is not a congressional division or subdivision, by metes and bounds, *or other description sufficient to identify it. . . .* " (Italics ours.)

In the absence of evidence to the contrary, it will be presumed that an assessor has regularly and correctly assessed property. (Sec. 1963, subd. 16; *Utah Const. Co.* v. *Richardson,* 187 Cal. 649 [203 Pac. 401].) The property was adequately described in the map to which reference was made in the present case. Parol evidence is competent to aid the description of real property in order to locate a monument which is referred to, or to identify the land by applying the description to the surface of the ground. (*Fox* v. *Townsend,* 152 Cal. 51, 58 [91 Pac. 1004, 1007] ; *Best* v. *Wohlford,* 144 Cal. 733 [78 Pac. 293].)

Pursuant to the foregoing rule, in the absence of the transcript of testimony of the trial, we may assume that a surveyor was called and definitely located the one monument or fixed point in the description which appears on the map, and from that point of commencement traced out, scaled, accurately described and located the outline and dimensions of the triangular tract of land containing 41.7 acres of land, together with the several subdivisions and the area and descriptions thereof which were assessed to the plaintiff by numbers. This information required the supplying of no course or direction of boundary or subdivision lines or the distances thereof, as all of these essential elements of the description adequately appear upon the diagram furnished by the plaintiff. It will be observed that the map to which reference is made is drawn to a definite scale of 50 feet to the inch; the customary dart is used to indicate the relation of the map to the points of compass; the northerly boundary line of the triangular tract is distinctly marked "East" and "West"; with a few exceptions this triangular tract is divided into uniform square subdivisions, each of which is separately numbered; the angles and distances of the boundaries of the irregular subdivisions are accurately given in feet and inches and these lots or sections are also separately numbered.

■ At a point in the northerly boundary line of the entire tract the following definite monument or point of commencement appears, to wit, "2190.14 [feet] S. of ¼ Cor. bet. Sec. 20 & Sec. 29—T. 3 S.—R. 9 W." The abbreviations which are used in the description of this point of commencement are well understood and sufficiently accurate. ■ When the terms "east" and "west" are used in the description of the courses of the boundary of land, without modification or variation, they must be deemed to mean *due* east and *due* west. (1 Jones on Real Property, p. 329, sec. 397; *Currier* v. *Nelson,* 96 Cal. 505 [31 Am. St. Rep. 239, 31 Pac. 531, 746]; *Fratt* v. *Woodward,* 32 Cal. 219 [91 Am. Dec. 573].) It must, therefore, be assumed the northern boundary of the 41.7 acre tract of land extends due east and west. ■ With the definite point of commencement accurately located in this northern line, as it appears to be, it is a simple matter for a surveyor to accurately define and describe not only the entire triangle tract of land, but each separate subdivision thereof which was assessed to the plaintiff by reference to its designated number. The plaintiff was, therefore, not misled by the description and was able to identify and locate each separate tract which was assessed to it.

There is nothing in the language employed in the case of *Best* v. *Wohlford, supra,* which is relied upon by the appellant in this case, that is in conflict with the foregoing application of the law.

The judgment is affirmed.

Plummer, J., and Finch, P. J., concurred.