[No. 103.   Decided March 7, 1891.]

ALEXANDER REED AND LOUISE D. REED V. THE TACOMA BUILDING AND SAVINGS ASSOCIATION.

BOUNDARIES — DESCRIPTION IN DEED — PRESUMPTION — EVIDENCE.

Where a deed describes the land conveyed as commencing at a point west of the northeast corner of a certain section, the presumption is that the point is due west, although the north line of the section is not on the true meridian; but such presumption may be rebutted by extraneous testimony.

*Appeal from Superior Court, Pierce County.*

Ejectment by the Tacoma Building & Savings Association against Alexander Reed and Louise D. Reed, his wife. Judgment for plaintiff, and defendants appeal.

*Doolittle, Pritchard & Stevens,* and *R. B. Lehman,* for appellants.

That the word "west" means "west" or "due west" seems too plain to admit of discussion.   It has been decided by the courts that the term "northerly," when not controlled by monuments in the description, signified "due

north." Devlin on Deeds, § 1035; *Bosworth v. Danzien,* 25 Cal. 297; *Brandt v. Ogden,* 1 Johns. 156; 3 Wash. Real Prop. (5th ed.), 433. And that "easterly," used alone, means "due east." *Pratt v. Woodward,* 32 Cal. 219. "In deeds and levies, courses and distances can be controlled only by monuments." *Chadbourne v. Mason,* 48 Me. 389. See, also, *Jackson v. Reeves,* 3 Caines, 300; *Kenney v. Udall,* 5 Johns. Ch. 474; *Drew v. Swift,* 46 N. Y. 209; *Bosworth v. Danzien,* 25 Cal. 297; *Chinoweth v. Haskell,* 3 Pet. 96; *M'Iver's Lessee v. Walker,* 4 Wheat. 444. "To admit parol proof of a marked line nowhere mentioned in the deed, but entirely variant from its calls, would serve to render titles to real estate dependent not upon deeds of conveyance, and the language of the grantor, and courses, distances and monuments, but to the mere memory of witnesses." *Bruckner's Lessee v. Lawrence,* 1 Doug. (Mich.) 19, 28.

*Garretson, Bracket & Rosling (Galusha Parsons,* of counsel), for appellee.

"Monuments are of higher import than courses and distances, and must control the latter, even if it cause a wide departure from them." 3 Wash. Real Prop. (5th ed.), 427, 434; *Coburn v. Coxeter,* 51 N. H. 158; *Piercy v. Crandall,* 34 Cal. 340; *Morse v. Rogers,* 118 Mass. 572; *Davis v. Rainsford,* 17 Mass. 210; *Brown v. Huger,* 21 How. 305; *Morrow v. Whitney,* 95 U. S. 555. The courses "south," "east," "north" and "west" in a deed will be controlled by other descriptions contained in the deed, and may be read "southerly," "easterly," "northerly" and "westerly," in order to make them harmonize and conform to existing landmarks and surveyed lines in the vicinity. *Faris v. Phelan,* 39 Cal. 612; *County of St. Clair v. Lovingston.* 23 Wall. 46; *Irwin v. Tonne,* 42 Cal. 326.

The opinion of the court was delivered by

DUNBAR, J.—The description of the lands in the deed to plaintiff's grantor of that tract of land which is claimed to have been platted into Cavender's first addition is in the words and figures following, to wit:

"Situate, lying and being in the county of Pierce, Territory of Washington, and bounded and described as follows, to wit: Commencing at a point 60 rods west of the northeast corner of section 8, in township 20 north, of range 3 east; running thence west 20 rods, south 8 rods; thence east 20 rods; thence north 8 rods, containing one acre."

The plaintiff proved a straight title to the premises in question from the United States patent, down to and including the deed received by him from his grantor; but, owing to the fact that the north line of said section 8 did not run due west, as indicated by the true meridian, or, in other words, did not run parallel with the meridian line, but diverged from the true west line to the north, the main questions are as to the actual location on the face of the earth, of the north line of the northeast quarter of section 8 as the same runs west from the northeast corner of said section, and whether the deed should be construed to mean west according to the true meridian, or west according to the government survey. On this question the court instructed the jury as follows: "Plaintiff also introduces in evidence a duly certified copy of the several deeds and plats under which it claims title to said lots of land. I instruct you as a matter of law, therefore, that according to the meaning of the language in those deeds, the north line of Cavender's first addition to Tacoma, W. T., in Pierce county, should be laid out on an east and west line starting from the northeast corner of section 8, in township 20 north, of range 3 east, and running thence west according to the United States survey; and that when those deeds upon which the plaintiff relies for its title mentioned, as a be-

ginning point, sixty rods west of the northeast corner of said section 8, the construction in law is that such beginning point is on the north line of section 8 according to the United States survey thereof;" which instruction defendant duly excepted to, and assigns as error herein.   There were some subsequent instructions that might tend somewhat to modify the rule laid down by the court in the instruction quoted; but that the court substantially instructed the jury that the presumption was conclusive; that west in said deed meant west according to the government survey, and that that was plaintiff's theory of the case, is borne out by the oral argument of the attorneys for the appellee, as well as by the statement in its brief that "unless defendant's counsel can maintain their claim upon the main question of a right to controvert the government's surveys, the rulings and instructions are clearly right.   If they can maintain that claim it would be a waste of time to discuss the rulings, as they assume the contrary."   We think it is clear that under the description above set forth the government surveys may be contradicted, or, probably more properly stated, ignored.   Of the many cases cited by counsel we have been unable to find any that will elucidate or throw any light on the very practical question involved in this case.

We do not think that the mere reference to the northeast corner of section 8, as it is referred to in the deed, is sufficient to raise the presumption that the parties intended to be governed by the United States surveys, but that it was referred to simply as a known point, the same as any monument or specific permanent object might be referred to. If the language of the deed had been, "60 rods west of the northeast corner of section 8 on said section line," then the word "west" would have been construed in connection with the section line, and the presumption would have been

that the conveyance was made with reference to the established government survey; but the language is quite different. If the words of a deed are ambiguous, or susceptible of two constructions, testimony will be allowed to prove the meaning of the deed, although this manner of ascertaining the intention of the parties must not be invoked when the description can be ascertained from the deed itself. Title to land must not rest upon the fallible memory of witnesses when it can be avoided. Appellee in this case argues with a considerable degree of plausibility that there is nothing doubtful in the language of this deed; that the word "west" means "west"; that it is in no sense ambiguous and will not admit of any construction to explain its meaning. However, considering the importance of this decision to the public, and recognizing the probability that the city of Tacoma was uniformly platted and located according to one or the other of the theories urged here, and that structures and improvements amounting to many millions of dollars have been made throughout the city which would probably be affected by this decision, its results reaching far beyond the parties to this action, we are of the opinion that public policy demands that the custom of surveyors, in locating town plats in the state of Washington, and especially in the city of Tacoma, may be submitted to the jury to aid them in construing the intention of the parties to the deed. The jury should be instructed that, under the language of the deed in question, the presumption is that the north line of Cavender's first addition commences at a point 60 rods west, according to the true meridian, of the northeast corner of section 8, in township 20 north, of range 3 east, and running thence west, according to the true meridian, etc.; but that such presumption may be rebutted by extraneous testimony. The judgment is reversed, and the case remanded to the court

below with instructions to proceed in accordance with this opinion, with leave to amend pleadings.

HOYT and SCOTT, JJ., concur.

ANDERS, C. J., concurs in the result.

STILES, J., disqualified.