[No. 1055. Decided February 23, 1894.]

THE TACOMA BUILDING AND SAVINGS ASSOCIATION, *Appellant*, v. THOMAS M. CLARK AND JULIA C. CLARK, *Respondents*.

RE-TRIAL AFTER REVERSAL—LAW OF CASE—BOUNDARIES—CONFORMITY WITH GOVERNMENT SURVEYS—LIMITATIONS—RECOVERY OF REAL ESTATE.

Where a cause has been reversed upon appeal and sent back for re-trial, the failure of the lower court to comply with the directions for re-trial is ground of error.

Where the custom of surveyors in laying out plats and in running lines is to make them conform to the nearest lines of the government survey, if such lines vary from the true lines upon which they should have been run, the boundary lines given in a deed of conveyance as running north and south and east and west will be construed as conforming with the variations in the nearest lines of the government survey.

In order to bar an action for the recovery of real estate under Code 1881, § 26, adverse possession must have been maintained for a period of ten years subsequent to the taking effect of that statute.

*Appeal from Superior Court, Pierce County.*

*H. F. Garretson*, and *Parsons, Corell & Parsons*, for appellant.

*Parker & Williamson*, for respondents.

The opinion of the court was delivered by

HOYT, J.—The court decided, upon the former appeal in this cause (2 Wash. 203, 26 Pac. 253), that the bound-

ary lines of the land conveyed by the deed under which the respondents hold should be laid out north and south and east and west without reference to any variation in the line of the government survey, which was taken as the initial point in such description, unless it should be made to appear that the custom among surveyors throughout the state, and especially in the city of Tacoma, was, in laying out plats, to construe the direction given in the instrument of conveyance by the aid of the nearest government survey line, and to run such direction in accordance therewith, and if such line varied from the true direction upon which it should have been run, to so vary the directions of the deed as to make them correspond with such variation in the government survey; and the cause was reversed, and remanded with instructions to admit proof as to the custom of surveyors in that regard. Upon the re-trial of the case the court allowed certain testimony tending to establish such a custom, but refused to allow the appellant to introduce such proof as it desired in regard to the custom outside of the city of Tacoma. In thus excluding the testimony offered by the appellant the court failed to comply with the directions for re-trial given by this court, and therefore committed error.

In our opinion, however, without the aid of such further proof, the practically undisputed testimony established the fact that the custom of surveyors was to so vary the line of the direction contained in the deed of conveyance under which they were making the survey as to make it correspond with the variation from the true direction of the nearest government survey line. The testimony of every witness introduced on the part of the appellant tended to establish this fact. They all testified in general terms that such was the custom, and that such would be their action in laying off such lines, and several of them testified directly that in running the lines of the particular convey-

ance under which respondents hold they would run parallel with, and at right angles to, the nearest government line, and that such would be the action of surveyors generally according to well established custom.  The witnesses introduced on the part of the respondents testified to substantially the same custom, but make some attempt to show that in this particular case the line was not so run.  But we think that such fact, if it was a fact, could not affect the rights of the parties to this action.

It follows that under the undisputed proofs upon this question, and the facts found by the court as to the position of the land in question, the appellant was entitled to judgment, unless the defense of the statute of limitations interposed by the respondents is sufficient to warrant a judgment in their favor.  The undisputed proofs showed that there had not been possession for twenty years, and it appeared from the record that the case was commenced within ten years after the passage of the law of 1881, which reduced the statute of limitations as to the recovery of real estate from twenty to ten years.  Hence, under the former rulings of this court as to the construction to be given to the statute of 1881 (Code 1881, § 26), it must be held that the proofs did not warrant the finding of the court that the respondents were entitled to any rights by virtue of the statute of limitations.

It follows that the findings and judgment of the superior court were erroneous, and, as it appears from the proofs as applied to the law as we find it that the judgment should have been in favor of the plaintiff, we see no reason for a re-trial.  The judgment will be reversed, and the cause remanded with instructions to grant the relief prayed for by the appellant.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J., not sitting.