[No. 19314.  Department Two.  August 18, 1925.]

JEAN BURSON et al., Respondents and Cross-Appellants, v. W. F. JENSEN et al., Appellants and Cross-Respondents, DOROTHY HUGHES et al., Defendants.[1]

BOUNDARIES (2, 2-1)—COURSES AND DISTANCES—CONSTRUCTION OF LANGUAGE OF DESCRIPTION. Where the calls of a deed for an irregular tract in the interior of a section gives an east and west line for the south boundary, and the north boundary is parallel thereto, the courses and distances govern, requiring a due east line for those boundaries, notwithstanding the south boundary of the section runs north 86° 4′ 13″ east.

Appeal from a judgment of the superior court for King county, Frater, J., entered October 10, 1924, upon findings in favor of the plaintiffs, in an action to establish boundary lines, tried to the court.  Reversed.

*Knickerbocker & Hunt* and *Carroll B. Graves,* for appellants.

*Tucker, Hyland & Elvidge* and *Mary H. Alvord,* for respondents.

MITCHELL, J.—This action was instituted by Jean Burson and her husband, W. E. Burson, against W. F. Jensen and his wife, Metta T. Jensen, to determine the boundary line between their properties.  The north line of plaintiffs' property is the south line of defend-

[1]Reported in 238 Pac. 576.

ants' property. Upon an answer being made by the
defendants, it appearing that the rights of other parties
were or might be involved, an order was entered direct-
ing that Dorothy Hughes, Altie May Hughes and Daisy
Erickson be made parties to the action. The order was
complied with by the filing of an amended and supple-
mental complaint by the plaintiffs. Daisy Erickson
made no answer or appearance in the case. Dorothy
and Altie May Hughes filed an answer. Upon the trial
without a jury, the decision was in favor of the plain-
tiffs and against Jensen and wife. The action was dis-
missed as to Dorothy Hughes and Altie May Hughes.
Jensen and wife have appealed.

Other than Daisy Erickson, all of the parties own
property, each parcel of which is a part of an original
seven acre tract, conveyed in 1886 by Sarah H. Hughes
and husband to Mary M. Hughes, wife of James A.
Hughes, and her children by him. Daisy Erickson
owns land joining the seven acre tract on the south.
In the deed from Sarah H. Hughes and husband to
Mary M. Hughes and children, the property is de-
scribed as follows:

"Beginning at a post fifty-four rods north of the
southeast corner of the southwest quarter of the south-
west quarter of section seven (7), township twenty-
one, north of range five east; thence twenty-six rods
north to the line of O. Brown's line; thence east forty-
three rods and ten links to the center of the county
road; thence south twenty rods; thence south 35° west
to a point north of the beginning; thence to the begin-
ning, containing seven acres, more or less."

It is to be observed that, in the next to the last call of
the deed, in describing the property, it is said: "thence
south 35° west to a point *north* of the beginning."
Obviously *east* was intended instead of north, and all
the parties to this action so understand. And still fur-

ther it is noticeable that, in this instrument, the line on the north side of the seven acre tract and the one on the south side of it run east and west.

Thereafter, in a partition suit between Mary M. Hughes and her children, grantees in the deed above mentioned, a judgment was entered by the superior court on July 24, 1914, dividing the seven acre tract, which was described in the complaint as it was in the deed, by awarding to Altie May Hughes and Dorothy Hughes "the south ninety feet of the tract of land described in the complaint;" and to Mary M. Hughes "all the rest of said land." On March 3, 1920, Mary M. Hughes, a widow, conveyed to Irma May Tondevold:

"A portion of the following described tract of land viz: [here follows a description of the seven acres as contained in the parent deed.] Said tract herein conveyed being more particularly bounded and described as follows: The south line of said tract being the north line of the tract heretofore awarded to Altie May Hughes and Dorothy May Hughes, a minor, in cause No. 97968, superior court of King county (being a strip 90 feet wide off of the south portion of the above described tract) and from the northwest corner of said Altie May Hughes' tract running thence north along the west boundary line of said above described tract a distance of one hundred nineteen (119) feet; thence easterly on a line parallel with the north line of said tract of Altie May Hughes, et al., to a point in the east boundary line of said above described tract; thence southerly & southwesterly to beginning; containing 2 acres, more or less."

The next day, March 4, 1920, Irma May Tondevold, a widow, conveyed to W. E. Burson and Jean Burson, husband and wife, the same two acres, more or less, describing first the seven acre tract as it had been described in the deed to her and then stating in her deed:

"Said tract herein conveyed being more particularly described and bounded as follows: the south line of said tract being the north line of the tract heretofore awarded to Altie May Hughes and Dorothy May Hughes, a minor, in cause No. 97968, King county superior court (being a strip 90 feet wide off the south portion of the above described tract) and from the northwest corner of said Altie May Hughes' tract running thence north along the west boundary line of said above described tract a distance of one hundred nineteen (119) feet; thence easterly on a line parallel with the north boundary line of said tract of Altie May Hughes, et al., to a point in the east boundary line of said above described tract, thence southerly and southwesterly along said east line of said above described tract to the northeast corner of tract awarded Altie May Hughes and Dorothy May Hughes; thence west along the north line of said tract to beginning, less portion thereof appropriated by King county for road purposes, containing 2 acres more or less."

Thereafter on October 7, 1920, Mary M. Hughes, a widow, made and delivered a conveyance to Metta T. Jensen of a portion of the seven acre tract the south line of the portion conveyed being described as follows:

"Beginning at a point on the west line of the southeast quarter of the southwest quarter of section seven (7), township twenty-one (21) north of range five (5) east of Willamette Meridian, 1100 feet north of the south line of section 7; running thence easterly on a line parallel with the north line of a tract of land awarded to Altie May Hughes and Dorothy May Hughes, a minor, by decree in cause No. 97968 of the superior court of the state of Washington in and for King county, a distance of 686.1 feet, more or less, to the westerly boundary line of the present paved county road extending in a northerly direction and southerly direction through said southeast quarter of southwest quarter of said section 7; thence northerly, etc."

In the parent deed, that is the one from Sarah H. Hughes and husband to Mary M. Hughes and children,

the description commences ''beginning at a *post* fifty-four rods north of the southeast corner, etc.'', while in all other deeds and in the partition decree the word *point* is used instead of the word *post*. At the trial it was contended by the appellants, as they still contend, that a post was originally placed to mark that point some five feet less than fifty-four rods north of the southeast corner of the southwest quarter, etc.; and that, though now lost, they were entitled to prove it, invoking the rule that a monument controls over distance. But we think it was immaterial. If the southwest corner of the seven acre tract was at a point five feet south of the fifty-four rods north of the tying or starting point, according to a monument planted at that place, certainly a point five feet north of which it was contended the post had been set was within the confines of the seven acre tract; and since the tracts conveyed, one to the Bursons and one to the Jensens, are described by metes and bounds in which that distance is stated to be fifty-four rods, it follows that they take according to the calls of their deeds.

The measurements to the north on the west side show fifty-four rods, or 891 feet from the southeast corner of the southwest quarter, etc.; then 90 feet for the land awarded to the Hughes children in the partition suit; then 119 feet for the Burson tract; or 1100 feet altogether, which is the northwest corner of the Burson tract and at the same time the southwest corner of the Jensen tract, which is according to the calls in their respective deeds for that point.

As already noticed, the north and south lines of the seven acre tract run east and west; and since, in the partition suit, the children were given the south 90 feet of the tract, it follows that the north line of their tract runs east and west. Still further, since in the deed to Mrs. Tondevold and in the one from her to

the Bursons, the north line of the tract conveyed is described as easterly "on a line parallel with the north line of the tract" of the Hughes children; and since the south line of the Jensen tract, which, as we have seen, is the north line of the Burson tract, runs "easterly on a line parallel with the north line of a tract of land awarded to" the Hughes children, it follows that the boundary line in dispute between the Bursons and the Jensens is an east and west line. There is no claim that, in the partition proceeding or in the conveyance to the Bursons and Jensens, there was any actual survey made or monument placed on the ground.

At the trial of the case it was shown that the south line of the southeast quarter of the southwest quarter of section 7 is not an east and west line, according to the government survey, but that it runs north 86°, 4', 13" east. It was further shown that, after this suit was commenced, a surveyor had gone upon the ground and set a monument at the proper place, viz., 1100 feet north of the southeast corner, etc.; thence he had run a line easterly paralleling the section line on the south and set a monument on the county road running along the west end of the tracts, instead of paralleling the north boundary line of the tract awarded to the Hughes children in the partition suit, as the deeds call for, that is, an east and west line. The trial court adopted the line and monuments of this survey, and entered a judgment accordingly.

In this we think the judgment is wrong. The parties bought land described by metes and bounds. The courses and distances were given. There is no conflict. The language is plain and unambiguous. The instruments have not been reformed or corrected nor any attempt made to do so.

Counsel for the Bursons rely on the result and conclusion reached in the cases of *Reed v. Tacoma Bldg.*

*& Sav. Ass'n.*, 2 Wash. 198, 26 Pac. 252, 26 Am. St. 851; *Clark v. Tacoma Bldg. & Sav. Ass'n.*, 2 Wash. 203, 26 Pac. 253; same case on second appeal, *Tacoma Bldg. & Sav. Ass'n. v. Clark,* 8 Wash. 289, 36 Pac. 135. The result in those cases upon which counsel rely was but an answer to an appeal to equitable principles and considerations, necessary in the unusual exigencies of that particular situation. The unusual exigencies calling for the conclusion reached in those cases are described in the opinion in the first one of those cases. In the present case, manifestly there is no such dire necessity; but, on the contrary, this is an occasion for the application of the general rule announced in *Reed v. Tacoma Bldg. & Sav. Ass'n, supra.* In that case the property was described as follows:

" 'Commencing at a point 60 rods west of the northeast corner of section 8, in township 20 north, of range 3 east; running thence west 20 rods, south 8 rods; thence east 20 rods; thence north 8 rods, containing one acre.' "

The opinion says:

"We do not think that the mere reference to the northeast corner of section 8, as it is referred to in the deed, is sufficient to raise the presumption that the parties intended to be governed by the United States surveys, but that it was referred to simply as a known point, the same as any monument or specific permanent object might be referred to. If the language of the deed had been, '60 rods west of the northeast corner of section 8 on said section line,' then the word 'west' would have been construed in connection with the section line, and the presumption would have been that the conveyance was made with reference to the established government survey; but the language is quite different. If the words of a deed are ambiguous, or susceptible of two constructions, testimony will be allowed to prove the meaning of the deed, although

this manner of ascertaining the intention of the parties must not be invoked when the description can be ascertained from the deed itself. Title to land must not rest upon the fallible memory of witnesses when it can be avoided.''

The judgment describing the line between the Burson and Jensen tracts is reversed, with directions to the trial court to enter judgment according to the calls in the deeds; and that, if necessary to settle the controversy between them, a monument be placed at the east end of the boundary line, which monument shall be set *east* from the one already placed at a point 1100 feet north of the southeast corner of the southwest quarter of the southwest quarter of the section, and that such monument be placed by a surveyor appointed by the court.

It was further determined by the judgment in this case that the south line of the Burson tract, which is the north line of the Altie May Hughes and Dorothy Hughes tract, runs parallel with the section line to the south, rather than east and west as the deeds call for. As a matter of precaution, the Bursons have appealed from this portion of the judgment. Altie May Hughes and Dorothy Hughes have made no appearance in this court. For the reasons hereinbefore given, this part of the judgment is reversed, with directions to let the judgment show this boundary line to be east and west, according to the calls of the deeds; and if necessary to have monuments placed accordingly by a surveyor appointed by the court.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.