## BURGESS v. HEALEY

No. 4633.   Decided January 5, 1929.   (273 P. 968.)

*H. S. Tanner,* of Salt Lake City, for appellant.

*Booth & Brockbank,* of Provo, for respondent.

GIDEON, J.

Plaintiff and defendant own adjoining premises in lot 8, block 2, Plat A, Alpine City survey, in Utah county. The

premises are located in a small village within that county. Plaintiff's premises, upon which he resides with his family, lie immediately north of the defendant's premises. The purpose of the action is to determine the south boundary line of plaintiff's land and to enjoin the defendant from trespassing on said premises.

Trial was had. The court made findings and conclusions and determined that the true boundary line is the line A-B as indicated on the map found in the record and as also appears in the memorandum opinion of the trial court. From that judgment this appeal is prosecuted. The errors assigned challenge the findings of the court and its judgment as not being supported by the evidence.

The trial court, in a memorandum decision, has this to say respecting the matters in dispute and as to the rights of the parties:

"This case involves a boundary line dispute. The plaintiff in his complaint describes lands as being situated in Alpine City, Utah county, state of Utah, particularly described as follows: Commencing 132.65 feet north of the northeast corner of lot 8, block 2, Plat A, Alpine City survey; thence west 28 rods; thence north 54 feet; thence east 28 rods; thence south 54 feet to the place of beginning, situate in the southeast quarter of section 24, township 4 south, range 1 east of Salt Lake meridian.

"The defendant in his answer admits that the plaintiff is the owner of the land described in plaintiff's complaint, but the dispute arises on the matter of applying the description to the land itself. The dispute involved arises on the first call from the beginning point, to wit, 'thence west 28 rods.' That the point actually involved may be better understood, the court submits the following diagram:

"The defendant contends that the call, to wit, 'west 28 rods,' should be construed according to the true meridian as represented

above by the point A-C, whereas the plaintiff contends that the call should be construed in accordance with the surrounding circumstances apparent near the property as A-B. In other words, the defendant contends that the call 'thence west 28 rods' means west according to the true meridian, whereas the plaintiff claims that the call means westerly and not due west.

"The determination of the question also involves the question of whether or not parol evidence may be admitted in connection with the deed itself, the defendant contending that the deed, particularly the description and the call in question, is unambiguous, and that therefore parol evidence is inadmissible to vary, change, or explain it in any way; whereas, the plaintiff contends that parol evidence is admissible as showing that the plat of Alpine City, or the method in which the lots in the particular block where the property is located are platted, should be received to show that the lots in that block are not platted on the true meridian, that is, due west, but, rather, westerly and parallel with the line suggested in the diagram above, A-B.

"Counsel in the case have submitted briefs and the court has undertaken to make some independent search on this point. Counsel for the plaintiff have cited the case of *Reed* v. *Tacoma Bld. & Sav. Ass'n*, a Washington case reported in 26 P., at page 252 (2 Wash. 198, 26 Am. St. Rep. 851). After a careful reading of this case, we are inclined to the view that the case is exactly in point. In that case the call was described as commencing at a point 60 rods west of the northeast corner of section 8, etc. According to the United States survey, as shown in this case, the section line did not run due west, as indicated by the true meridian, but diverged from the true west line to the north, so that the main question was as to the actual location on the face of the earth of the north line of the northeast quarter of section 8, and the question was whether or not the deed should be construed to mean west according to the true meridian or west according to the government survey. The same objection was made as is made here, that the call was unambiguous, and therefore that parol or extrinsic proof could not be received to explain the same. But the court held that the presumption is that the north line of the section commences at a point 60 rods west, according to the true meridian, of the northeast corner of section 8, but that such presumption may be rebutted by extrinsic testimony. We are of the opinion that this decision is applicable to the case at bar, for the reason that it appears from the testimony of the surveyor, Mr. Jones, that all of the lots in the block in which the land involved in this case is situated are platted parallel to each other and that the lines are not

platted according to the true meridian, as the lines run east and west, but on the contrary diverge slightly, as does the line in question, from the true meridian. Under the authority of the case above referred to, there would, of course, be a presumption that the line would run due west according to the true meridian, but that extrinsic testimony would be admissible to show that the land in that block was platted according to some plat or survey that did not follow the true meridian.

"For the reasons stated, we are inclined to the view, and so hold, that the true boundary line between the property of the plaintiff and the property of the defendant is the line shown by the testimony in the case and as represented on the diagram above, A-B, and that plaintiff is entitled to a decree of this court to that effect."

The record supports the opinion of the trial court, and we approve same.

In addition, this can be said: There was a common grantor. The premises owned by the plaintiff were at one time owned by the defendant. He mortgaged the property, and in the mortgage he gave the same description as is contained in the complaint in this action. The mortgage was foreclosed, and the plaintiff bought the property from the purchaser at the foreclosure sale. By the decree or judgment entered in this case, both the plaintiff and the defendant hold the full amount of land to which they are entitled under their deeds of conveyance. There was introduced in evidence an abstract of title to plaintiff's land. There was attached to and made a part thereof a map showing the original location of the various lots in block 2 of the Alpine City survey. The lands of the plaintiff and defendant are within that block.

The testimony, without dispute, is that the owners of lots in block 8 lying south of plaintiff's and defendant's lands have the full number of feet to which they are entitled indicated by the plat, also that a line running north from the southwest corner of said block 8, and giving to each lot owner south of plaintiff's and defendant's lands the number of feet to which they are entitled, fixes the south boundary

line of plaintiff's land at the point B, and likewise a line runing from A to B is parallel with the other division fences in this block.

There is no reversible error in the record.

JUDGMENT AFFIRMED, with costs.

THURMAN, C. J., and CHERRY, STRAUP, and HANSEN, JJ., concur.